**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RAMAZAN ALIBUTAEV** | **CASE NO. 1:26-CV-00720 SEC P** |
| **VERSUS** | **JUDGE JERRY EDWARDS** |
| **E. GARCIA, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of habeas corpus filed by pro se petitioner Ramazan Alibutaev on March 9, 2026, pursuant to 28 U.S.C. § 2241. Doc. 1. The Government filed a response on July 6, 2026. Doc. 19. The Petitioner filed a Reply on July 13, 2026. Doc. 22. The matter is ripe for review. For the reasons which follow, IT IS RECOMMENDED that this habeas corpus action be GRANTED.

## I. BACKGROUND

Petitioner, Ramazan Alibutaev, is a native and citizen of Russia with a final order of removal as of October 2, 2025. *See* Removal Order and Decision, doc. 19-1, pp. 10-14. Petitioner argues that his continued detention violates § 1231(a)(6), as interpreted by *Zadvydas,* because his removal is not reasonably foreseeable and he asks this Court to order his immediate release under conditions of supervision. The Government asserts that ERO is "actively working to facilitate" his removal to Russia and as soon as the required travel documents are obtained, his removal will be scheduled. Doc. 19, p. 6.

## II. LAW AND ANALYSIS

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the extension and application of that decision by *Clark v. Martinez,* 543 U.S. 371 (2005), to aliens who are inadmissible, the United States Supreme Court adopted a six-month period for which the institutional detention of an alien,

found within the United States and ordered removed pursuant to various provisions of Section 237(a) of the Act [8 U.S.C. § 1227(a)], is presumptively reasonable, and concluded that, "… once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. In the words of the Court:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.

*Zadvydas*, 533 U.S. at 699-700.

The Supreme Court clearly indicated that the lapse of the presumptive period does not mandate release and concluded that, "[t]o the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The United States Fifth Circuit Court of Appeals has recognized that "[t]he [Supreme] Court's decision creates no specific limits on detention, however, 'as an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future'." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *see also Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

Thus, to state a claim for relief under the *Zadvydas* decision, an alien must: 1) establish post-removal-order detention in excess of six months at the time of the filing of his or her petition;

and 2) establish good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*.; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thereafter, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. To meet his burden under the second prong, an alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). To shift the burden to the Government, an alien must demonstrate that "the circumstances of his status" or the existence of "particular individual barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. If the alien fails to come forward with an initial offer of proof, the petition is ripe for dismissal. *Akinwale*, 287 F.3d at 1051.

***A. Length of Detention***

An alien's post-removal-order detention under 8 U.S.C. § 1231 is limited to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas v. Davis,* 533 U.S. 678, 689 (2001). The Supreme Court has found that once the removal period begins, six months is a reasonably necessary period to remove the alien. *See id*. at 701. After six months, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id*.

Petitioner has been in post-removal-order detention since October 2, 2025. Accordingly, the Court finds that his detention has surpassed the six-month presumption of reasonableness under *Zadvydas*. Therefore, the analysis shifts to whether Petitioner's removal is foreseeable at present.

### *B. Petitioner's Initial Burden*

The undersigned finds that Petitioner has presented good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Despite having over 11 months, Respondents have not secured travel documents for Petitioner, which is a determinative barrier to removal. Respondents have not produced any evidence that a travel document will be issued or is pending or provided a concrete timeline for his removal. While they cite the declaration of Assistant Field Office Director Justin Williams, the Government failed to attach same, or a declaration of any government official with knowledge of the removal process as it relates to Petitioner. However, accepting the Respondents' arguments made in the Response brief as true, that "ICE ERO New Orleans is actively working to facilitate Petitioner's removal to Russia by securing the required travel documents and once these documents are obtained his removal will be scheduled," (doc. 19, p. 13), the Respondents have still failed to establish that Petitioner's removal is reasonably foreseeable. Petitioner meets the modest "good reason" standard.

### *C. Respondents' Burden*

The burden therefore shifts to Respondents who have failed to provide any evidence to rebut Petitioner's showing. First, the statement allegedly made by Assistant Field Office Director Williams, that once Petitioner's travel documents are obtained his removal will be scheduled, is devoid of any concrete evidence: no projected timeline from Russian officials and no indication that Russian immigration officials have approved or are expected to approve the request. Courts have consistently rejected such bald assertions as insufficient to meet the government's burden under *Zadvydas*. The government must present "evidence sufficient to rebut" Petitioner's showing, not an officer's subjective belief. *Zadvydas*, 533 U.S. at 701.

Moreover, the duration of the pending travel document request itself demonstrates that removal is not reasonably foreseeable. Under the *Zadvydas* standard, Respondents cannot meet their burden based on "a pending request for travel documents alone." *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 706 (W.D. Tex. 2025); *see Medellin Martinez v. Bondi*, No. 25-CV-1319-OLG, at 5 (W.D. Tex. Nov. 21, 2025) (same). The mere "potential for a travel document at some point in the future is not sufficient to justify further detention." *Fermine v. Dir. of Immigr. & Customs Enf't*, No. 2:06-cv-1578, 2007 U.S. Dist. LEXIS 61516, 2007 WL 2284606, at *4 (W.D. La. May 23, 2007) (internal marks omitted).

Under the circumstances of this case, the Court concludes that habeas relief is proper and § 1231 and *Zadvydas* require Petitioner's release from detention. The Court finds no need to address any other claim or challenge.

## III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the petition be **GRANTED** and Petitioner be **RELEASED**, subject to supervision under regulations prescribed by the Attorney General.[1]

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

[1] 8 U.S.C. 1231(a)(3).

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 28th day of September, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE